Frank Griffin, Appellee, v. George H. Spengler, Appellant.

1. AGENCY—*evidence.* A judgment for plaintiff for goods sold to an alleged agent of defendant is not supported by the evidence, where, from the draft on defendant given to plaintiff by such alleged agent, and from the evidence, it seems that no agency existed, that the goods in question were bought by the alleged agent for himself, that the defendant did not receive such goods and that authority was given to draw on defendant only when goods shipped to him covered the amount of the drafts.

2. AGENCY—*evidence.* Payment of checks to which the name of the payor is signed by a third party tends to prove an agency.

3. PAYMENT—*presumptions.* Payment of drafts drawn on a party by a third party is presumed to be made from funds of the drawer in the hands of the drawee.

Appeal from the County Court of Sangamon county; the HON. J. B. WEAVER, Judge, presiding. Heard in this court at the April

term, 1912. Reversed with finding of fact. Opinion filed October 15, 1912.

STEVENS & HERNDON, for appellant.

ANDRUS & TRUTTER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Appellee began a suit before a justice of the peace against appellant to recover $95.50, the value of chickens claimed to have been sold by appellee to appellant. An appeal was taken from the justice of the peace to the county court; a trial there resulted in a verdict for appellee for $102.11. Appellee remitted $2.56 and judgment was rendered in his favor for $95.58.

Numerous errors are assigned and argued but in the view we take of the case it will be only necessary to review the assignment that the judgment for the appellee cannot be sustained on the evidence. The evidence on behalf of appellee shows that he sold the chickens to one George Sutherland, an agent of F. J. Gansler, and received a draft on appellant for the purchase price in the following words and figures:

"No. ——

## NICK GANSLER

Buyer and Shipper of Hides, Tallow, Wool, Poultry, Butter & Eggs.

Buffalo, Illinois.

$99.55——                                     Dec. 27, 1910.——

At sight pay to the order of Frank Griffin Ninety-nine ............................55-100 Dollars-

Value received, and charge same to account of

N. Gansler & Co.,
Geo. Sutherland.

To Geo. H. Spengler,
Springfield, Ill.
Payable at First National Bank."

Acceptance and payment were refused by appellant on presentation of the draft.

Appellant is a wholesale dealer in poultry and produce in Springfield. F. J. Gansler prior to September, 1910, had been engaged in buying poultry in the eastern part of Sangamon County, and shipping it to appellant and other wholesale dealers; to whoever would pay the highest price. In September he called on appellant and informed him he was short of money with which to carry on his business and requested appellant to honor drafts in payment for poultry. His proposition was, ''I will turn the poultry in and you cash the drafts and I will send you a statement and then you can send me the balance.'' This proposition appellant accepted and under this agreement Gansler bought chickens at the lowest price he could get them, and sold them to appellant at the price appellant was paying at the time. If however other wholesale dealers were paying higher prices than appellant, he shipped to the other dealers. Statements were made by Gansler to appellant showing sales by Gansler to appellant; these statements did not show the purchase price paid by Gansler for the poultry. When the proposition of Gansler to appellant was made, Gansler told appellant that George Sutherland was buying for him and it was agreed that either might draw drafts. On September 27, 1910, Sutherland called at the home of appellee, bought his chickens and gave the draft offered in evidence, but does not know what he did with the chickens. ''I hauled some to Buffalo, but I don't know whether I hauled those or not,'' ''the chickens I shipped to Spengler I hauled to Illipolis.'' Appellee offered in evidence eighteen express receipts showing the shipment of chickens by Sutherland to appellant, but all dated prior to the date of the purchase of appellee's chickens so that it would appear appellant never received the chickens bought for Gansler of appellee.

The evidence of Spengler with reference to the agreement differs only from Gansler's in that he says he expressly told Gansler that he would buy his poul-

try at the market price, pay his drafts so long as he shipped enough poultry to cover drafts and when he didn't have enough he would turn him down.

There is other evidence in the record that Gansler and Sutherland bought chickens from other parties and paid for them with drafts on appellant which he honored.

Appellee's theory is that Gansler and Sutherland were the agents of appellant and that appellant was, because of the agreement made and the acts done under it, legally bound to pay all drafts drawn on him by Gansler and Sutherland. There is no evidence in the record from which it can be said these buyers of chickens were the agents of appellant. Sutherland bought the chickens purchased by him for Gansler, and Gansler bought for himself and sold the chickens bought by either Sutherland or himself to appellant, and appellant when he received the chickens paid the drafts which either Gansler or Sutherland had issued. The draft shows on its face that Gansler was buying for himself. The issuing of drafts on a party by a third party is entirely different from drawing checks and signing the name of a party. Payment of checks so drawn would tend to prove an agency while the payment of drafts is presumed to be made from the funds of the drawer in the hands of the drawee. Appellant was under no obligation to honor the drafts unless he had money on hand belonging to Gansler or received chickens to balance the drafts. The judgment is manifestly against the evidence, it is therefore reversed with a finding of fact.

*Reversed.*

Finding of fact. The chickens were not bought by either appellant or any agent of his.